Argued and submitted August 11, affirmed September 2, 1980

In the Matter of the Compensation of
**SCHREINDL,**
*Petitioner,*

*v.*

**STATE ACCIDENT INSURANCE FUND,**
*Respondent.*

(WCB No. 78-1204, CA 17394)

614 P2d 113

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief were Keith E. Tichenor and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Darrell E. Bewley, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney and James A. Blevins, SAIF, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

In this Workers' Compensation case, claimant appeals from an order of the Workers' Compensation Board denying his claim for temporary total disability for the period between August 27, 1977, and December 18, 1977.[1]

On September 27, 1974, the claimant sustained a compensable injury. Subsequently, on April 9, 1975, the Disability Prevention Division referred the claimant to the Vocational Rehabilitation Division of the Department of Human Resources, which enrolled him in a vocational program to train claimant for work as a building inspector. During the course of his studies, it was determined that the program in which he was enrolled at Portland Community College lacked certain courses in building codes, as a result of which the Portland Community College program would not qualify him for certification as a building inspector.

The claimant completed his formal training at Portland Community College, as well as one building code course at Clackamas Community College in August, 1977. However, at graduation he was not qualified to take the state certification examination because he lacked a full complement of building code courses. As a result, the Vocational Rehabilitation Division agreed to pay for two additional building code courses given during the fall of 1977, which were completed by the claimant in December of that year. During the entire period of time, the claimant received temporary total disability payments. However, in his determination order, his right to temporary total disability payments were terminated as of August 26, 1977, when he completed his regular course work at Portland Community College, based upon a finding that his condition was then medically stationary. That finding is not contested on appeal.

---

[1] Claimant originally claimed a right to temporary total disability between August 27, 1977, and February, 1978. However, on oral argument he conceded that the cutoff date for temporary total disability would be December 18, 1977.

Claimant, however, contends that he is entitled to temporary total disability payments during the period of his instruction in building codes from August 26, 1977, to the time when he completed his additional building code courses on December 18, 1977. In order for a workman to be entitled to temporary total disability once he has become medically stationary, he must be "enrolled and actively engaged in a program of vocational rehabilitation." ORS 656.268(2).

In this case, it was determined by the Field Services Division that claimant completed his vocational rehabilitation program on August 26, 1977, when he completed his regular course of studies at Portland Community College. It made a determination that after claimant completed his schooling he was no longer enrolled and actively engaged in a program of vocational rehabilitation, although the Vocational Rehabilitation Division authorized financial assistance for further study in order to prepare him to take the building inspector's examination.

The scope of review concerning participation in a program of vocational rehabilitation is set out in ORS 656.283(1)[2] and OAR 463-61-060(2), which provides:

"The referee may reverse or modify the decision [of the Field Services Division] only if substantial

---

[2] ORS 656.283(1) provides:

"(1) Subject to ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim. However, decisions of the director regarding participation in, but not eligibility for, an authorized vocational rehabilitation program may be modified only if the Director:

"(a) Violates a statute or rule;

"(b) Exceeds the statutory authority of the agency;

"(c) Was made upon unlawful procedure; or

"(d) Was characterized by abuse of discretion or clearly unwarranted exercise of discretion."

rights of a party have been prejudiced because the department decision: (a) violates a statute or rule, (b) exceeds the statutory authority of the department, (c) was made upon unlawful procedure, or (d) was arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Here, claimant does not contend that the Field Services Division's determination that claimant had completed his vocational rehabilitation program on August 26, 1977, violated a rule or statute, exceeded statutory authority or was made upon unlawful procedure. Claimant's sole contention is that the decision of the Field Services Division was arbitrary, capricious and characterized by an abuse of discretion.

While the program which the claimant completed on August 26, 1977, may not have fully qualified him for certification as a building inspector, and claimant was authorized to take additional courses for which the Vocational Rehabilitation Division did agree to pay, the training he had completed at Portland Community College could reasonably be found to have qualified him for other employment. Accordingly, we do not find that the Field Services Division's determination that claimant had completed his rehabilitation program on August 26, 1977, was arbitrary or an abuse of its discretion. The order of the Workers' Compensation Board denying claimant temporary total disability after August 26, 1977, is affirmed.

Affirmed.